IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02749-ZLW-MJW

FRAN FRANSIOLI,

    Plaintiff,

v.

NEW CONCEPTS IN MARKETING, INC., a North Carolina corporation

    Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket No. 13-1 )

---

Under Fed. R. Civ. P. 26(c) and 26(c)(7), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of trade secrets or other confidential research, development, personnel or commercial information and information that will improperly annoy, embarrass, or oppress any party, witness, or person in this case,

IT IS ORDERED:

    1.    This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Stipulated Protective Order, "document" is defined as provided in Fed.RCiv.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Information designated "Confidential" shall be information that concerns private financial, employment or medical information of Plaintiff Fran Fransioli ("Plaintiff"); or confidential business information about Defendant New Concepts in Marketing, Inc. ("Defendant"), and employment or medical information concerning any of Defendant's employees. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. The parties recognize that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, Defendant's employees' duties and performance, Defendant's employees' discipline and

promotions, personnel decisions and other documents related to the Defendant's employees and Plaintiff's employment with Defendant.

8. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

   c. the parties, including Plaintiff and Defendant's representative and any designated advisory witnesses who are directly assisting said attorneys in the preparation of this case;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court, jurors and/or court staff in any proceeding herein;

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. witnesses during the course of their testimony and in preparation for testimony; and

   h. other persons by written agreement of the parties.

9. Before the parties or their counsel may disclose any Confidential Information to persons contemplated by Subparagraphs 8(d), 8(g) and 8(h) of this Stipulated Protective Order,

other than a witness during his or her testimony, such person shall be orally advised that a Court Order prohibits such person from discussing or reviewing said information, except for the purpose of providing testimony at a deposition, hearing or trial, hi the event any counsel of record determines that persons other than those provided for in Paragraph 8 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action through their attorneys of record. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion within eleven (11) days of the end of the above- described ten-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the

information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

Any designation of "Confidentiality" or challenge of a designation of "Confidentiality" shall be governed by Fed.R.Civ.P. 26(g). Any party challenging a designation of confidentiality must raise that challenge with the court no later than 30 days before the dispositive motion deadline.

11. If a party fails to designate "Confidential" material at the time of its production, the party shall have thirty days thereafter in which to correct its failure. For good cause shown, a party may correct such a designation after 30 days. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item or document, designated as described above, or any claim of confidentiality under this Order will be deemed waived.

12. Before filing any Confidential Information, the parties will follow procedures established by D.C.COLO.LCivR 7.2 ~~and 7.3~~ for requests to file documents under seal.

13. The duty to keep confidential any information or documents designated as confidential survives the completion of this case. Within 30 days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude others from obtaining such documents. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

14. Nothing in this Protective Order precludes a party from making any use of documents that were rightfully in its possession at the beginning of this lawsuit.

15. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

BY THE COURT:

_____ 2-9-2011
Michael J. Watanabe
U.S. Magistrate Judge

Respectfully submitted this 9th day of February, 2011.

*s/ Hollie L. Wieland*
Hollie L. Wieland
SEARS & SWANSON, P.C.
2 North Cascade, Suite 1250
Colorado Springs, CO 80903
(719) 471-1984
(719) 577-4356 facsimile
hollie@searsandswanson.com

**ATTORNEY FOR PLAINTIFF**

*s/ Susan P. Dion*
Susan P. Dion
McGuireWoods LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-4011
(704) 373-8951
(704) 353-6162 facsimile
sdion@mcguirewoods.com

**ATTORNEY FOR DEFENDANT**