IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02749-CMA-MJW

FRAN FRANSIOLI,

Plaintiff,

v.

NEW CONCEPTS IN MARKETING, INC.,

Defendant.

## ORDER REGARDING
## DEFENDANT'S EXPEDITED MOTION FOR PROTECTIVE ORDER (DOCKET NO. 31)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Expedited Motion for Protective Order (docket no. 31). The court has reviewed the subject motion (docket no. 31), the response (docket no. 36), and the reply (docket no. 37) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;


3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the Complaint (docket no. 1), the Plaintiff contends that Defendant discriminated against her and wrongfully terminated her on the basis of her age in violation of the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., the Colorado Anti-Discrimination Act ("CADA"), and the public policy of the state of Colorado. See Complaint (docket no. 1) which includes a claim for retaliation and promissory estoppel as well;

5. That Defendant seeks an Order from this court pursuant to Fed. R. Civ. P. 26(c)(1)(A) for a Protective Order precluding Plaintiff from deposing Colleen Stone, who is an employee of King Soopers, which is one of Defendant's larger grocery store clients;

6. That pursuant to Fed. R. Civ. P. 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . ." "Good cause" for a protective order exists when a party shows a particular need for protection. Grundberg v. Upjohn Co., 137 F.R.D. 372, 389 (D. Utah 1991). Courts have wide latitude in determining good cause, as Fed. R. Civ. P. 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart,

3

467 U.S. 20, 36 (1984);

7. That Ms. Stone's deposition was set on August 11, 2011;

8. That Defendant argues that Ms. Stone's deposition testimony has no relevance to any of the issues before this court.  Moreover, Defendant argues that Ms. Stone has no first-hand, personal knowledge of any of the relevant issues pending before this court and that Plaintiff's efforts in setting Ms. Stone's deposition is nothing more than an attempt to unnecessarily annoy one of Defendant's largest clients and embarrass Defendant;

9. That Ms. Stone is a long-term employee of King Soopers.  During her tenure with King Soopers, Ms. Stone worked with Plaintiff when Plaintiff was a King Sooper's employee as well as when Plaintiff worked for Defendant.  Ms. Stone is the Director of Advertising for King Soopers in the Colorado marketplace;

10. That Ms. Stone may have personal knowledge which would tend to prove or disprove the following disputed issues in this case:

   a. Whether King Soopers had pressured Defendant to increase the presence of auditors, thereby causing the reorganization which resulted in Plaintiff's termination;

   b. Whether the reorganization, which resulted in Plaintiff's termination, was a reasonable and legitimate business decision in light of past practices and interactions between Defendant and King Soopers;

4

    c.    How Plaintiff performed as an auditor and whether more auditors were necessary in her stores;

    d.    Whether it is desirable to have schedulers conduct such functions from across the country;

    e.    Any communications Ms. Stone had with Defendant as to the need for proposed reorganization; and,

    f.    Whether King Soopers had requested that Defendant place younger demonstrators in its stores among other related issues concerning service provided to these stores; and

11.    That Defendant has failed to demonstrate "good cause" for a protective order. Ms. Stone may have information that may lead to admissible evidence at trial.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.    That Defendant's Expedited Motion for Protective Order (docket no. 31) is **DENIED**;

2.    That the parties shall forthwith meet, confer, and reset the deposition of Colleen Stone consistent with this Order and consistent with Fed. R. Civ. P. 6 and 30 and D.C.COLO.LCivR 30.1; and

3.    That each party shall pay their own attorney fees and costs for this

5

motion.

Done this 15th day of August 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE